## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                         **CRIMINAL ACTION**

**VERSUS**

**KEVIN BERNARD HANLEY, ET AL.**                **NO. 19-00120-BAJ-EWD**

### RULING AND ORDER

Before the Court is Alpha Medical Consulting, Inc., GNOS Medical Inc., Clio

Laboratories, LLC, Elite Medical Laboratories Inc., Performance Laboratories LLC,

Lazarus Services LLC, and 360 Laboratories LLC (the "Labs" or "Intervener Labs")

and Khalid Satary's (collectively "the Movants") **Third Party Privilege Holders'**

**Joint Motion to Intervene (Doc. 73)**. The Motion is opposed. (Doc. 75). A hearing

on the issue was conducted (Doc. 83), and supplemental authority was filed by the

United States. (Doc. 84).

For the reasons stated below, the Movant's Motion is granted in part and

denied in part.

## I.    BACKGROUND

### A.  Litigation History

The procedural history in this case is complicated by the fact that it involves a

separate prosecution of a separate defendant in a separate district (the Eastern

District of Louisiana). On September 26, 2019, Mr. Khalid Satary was indicted by the

grand jury in the Eastern District of Louisiana on multiple counts related to an

1

alleged scheme where Mr. Satary obtained reimbursement for cancer genomic testing, that was purportedly medically unnecessary, through a web of companies—the Labs—which he controlled. (Doc. 73-1, p. 1–2; *See also* 2:19-CR-00197-WBV-KWR, ED. La. ("*Satary*")). As a result of the investigation of the charges alleged in the *Satary* indictment and related cases, the Government obtained "a voluminous amount of evidence from multiple third parties, including the intervenors." (Doc. 75, p. 2). Because of the complexity of the discovery involved, the Government employed the use of a Filter Team that was tasked with reviewing evidence that the prosecution teams reasonably determined could contain material potentially subject to claims of privilege, and thereafter segregating this material from the prosecution teams. *Id.* at p. 4.

Material gathered from the third parties in *Satary* is at issue in the matter before this Court, *United States v. Hanley, et al.* Defendants are accused, in part, of fraudulently using and allegedly abusing cancer genetic testing in exchange for kickbacks and bribes. (Doc. 1, p. 10–11). In all, roughly 120,000 documents have been identified by the Filter Team for disclosure from the *Satary* litigation to the *Hanley* Prosecution Team. (Doc. 73-1, p. 11). Not included are the other documents that the team has declared to be not privileged and thus subject to disclosure to the prosecution teams in *Satary*, as well as the case *sub judice*. (Doc. 73-1, p. 11).

### B. Procedural History

On July 16, 2020, this Court entered a discovery protocol which governs the disclosure of potentially protected and privileged material in *Hanley*. (Doc. 65). On

July 17, 2020, as required by the protocol, the Government notified the Movants that material belonging to them was potentially at issue and would pass through the discovery protocol. (Doc. 75, p. 4). At the time, no discovery protocol had been entered in the *Satary* case. However, the documents at issue in this matter had previously been produced to the Movants in April 2020. (Doc. 75, p. 7). On August 12, 2020, the Filter Team provided Movants with an additional copy of the potentially protected material. While the material in *Hanley* was produced with different Bates numbers than the material in *Satary*, the Filter Team provided indices so that the material could be cross-referenced. *Id.* at p. 7–8.

On October 23, 2020, the Movants petitioned this Court for leave to intervene in this matter. Movants filed the Motion "to ensure that they do not end up in a situation where they are subject to two conflicting orders in two separate District Courts." (Doc. 73-1, p. 2). As a remedy, Movants sought a stay "to enable the privilege questions to be decided in the Eastern District of Louisiana," or, in the alternative "an extension of time to conduct a thorough privilege review of the voluminous material at issue here." *Id.* Between the two cases, the Labs are responsible for reviewing approximately 600,000 documents, consisting of over 1,000,000 pages. *Id.* at p. 9.

The Government filed an opposition to the Motion, arguing that the Court should deny the Movants' requests. (Doc. 75). First, the Government notes that, at this stage, the Discovery Protocol is nearly complete—the Labs are merely required to log their assertions. (Doc. 75, p. 2). Second, the Government highlights the fact

3

that the Discovery Protocol tasks the Filter Team with "identifying material that may have been, or are potentially, subject to claims of privilege." *Id.* at p. 11. It contends that it is not the Filter Team's job to assert privilege—only the privilege holders may do so. *Id.* The Government correctly notes that at some point the Labs are obligated to assert privileges on their own, with specificity, in both *Satary* and *Hanley* over the materials. *Id.* at p. 12.

A hearing to address these issues was held on November 16, 2020. On December 2, 2020, in the *Satary* case, Judge Vitter approved Magistrate Judge Roby's Report and Recommendation and granted the Government's discovery protocol. (Doc. 84, p. 1). The discovery protocol in that matter, notably, features a section entitled "Procedures for Objections to Production or Asserting Privilege Claims," which is identical to the equivalent section in the discovery protocol at issue in this matter. *See* (Doc. 84-2, p. 2–3; Doc. 65, p. 3). That section provides that if the Movants—or any other claimant—object to the Filter Team's discovery production or assert a privilege claim to any materials, they must notify the Filter Team of their position within fourteen days of receiving the Filter Team's notice. *Id.*

## II.    LEGAL STANDARD

There is no corollary to Federal Rule of Civil Procedure 24 in a criminal matter. However, the Fifth Circuit has acknowledged a right to intervene in criminal proceedings, such as in grand jury investigations or to seek protective orders. *See, e.g., In re Grand Jury Proceedings in the Matter of Fine*, 641 F.2d 199, 201 (5th Cir. 1981); *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC,* No. CIV.A.

10-1483, 2013 WL 1344557, at *2 n.4 (E.D. La. Apr. 3, 2013); *United States v. Crawford Enterprises, Inc.*, 735 F.2d 174, 176 (5th Cir. 1984). Generally, courts have permitted intervention in criminal matters where "a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case." *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004)). Other courts in this circuit have recognized a limited right of intervention in criminal proceedings to "protect privileged or confidential information or documents obtained, or property seized, during a criminal investigation." *Harrelson v. United States*, 967 F. Supp. 909, 913 (W.D. Tex. 1997); *See also id.* at n. 14 (collecting cases); *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004)). Because, however, there is no formal statutory basis for intervention, there is not a formal test to determine whether a third party may intervene.

## III.    ANALYSIS

### A. Motion to Intervene

Considering that the primary motivation underlying this Motion is to avoid being subject to two conflicting orders in two separate courts, the Motion is moot. The discovery protocol established in the Eastern District litigation is functionally identical to the one entered in this case. While the Court is sympathetic to the volume of discovery at issue in both cases, the privilege assertions must be made by those with standing to do so, and when such privileges are asserted they must be made

with particularity.[1] *See Taylor Lohmeyer Law Firm v. United States*, 957 F.3d 505, 510 (5th Cir. 2020). Under the Discovery Protocol in this case, the Movants were required to submit their privilege logs by Wednesday, August 26, 2020. (Doc. 75, p. 4). Extensions were given to Mr. Satary in his individual capacity on August 27, 2020, September 25, 2020, October 13, 2020 and October 23, 2020. *Id.* at p. 10. Extensions were given to the non-GNOS labs on August 26, 2020, September 25, 2020, and October 13, 2020. *Id.* GNOS received extensions on August 26, 2020, and September 24, 2020. *Id.* Under the discovery protocol now entered in the Eastern District, the Labs will be under an identical fourteen-day deadline to review the material, albeit on a delayed timeline. Thus, the threat of conflicting protocols is resolved.

### B. Motion for Extension of Time

To the extent that the Labs request leave of court for an extension of time to review the potentially privileged material, the Court is inclined to grant limited leave. While the Movants argue that it is "unreasonable" to expect a thorough review of the volume of documents in this case in the fourteen days contemplated by the *Hanley* protocol, the fact is that discovery in this matter has been *de facto* stayed since October 30, 2020, when the date for November 16, 2020 evidentiary hearing was set. Therefore, at this point the Labs have had over five additional months to produce a

---

[1] While the Fifth Circuit has never addressed the propriety of "filter" or "taint" teams, much less whether they may make privilege assertions, the current case law, as it stands, strongly disfavors filter teams making privilege determinations. *See In re Search Warrant Issued June 13, 2019*, 942 F.3d 159 (4th Cir. 2019); *U.S. v. Christensen*, 828 F.3d 763 (9th Cir. 2015).

privilege log.

As such, the Court will grant the Movant's motion for an extension of time. Any objections to discovery production or assertions of privilege in this case must be made within thirty days of the entry of this order.

IV.  **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** as to Movant's request for an extension of time, and **DENIED** as moot as to Movant's request for intervention and a stay.

**IT IS FURTHER ORDERED** that, if the Movants intend to assert objections to the Filter Team's discovery production to a Defendant, the Movants shall follow the procedures outlined in Section (b)(ii) on page three of the Discovery Protocol entered in this case on July 16, 2020. (Doc. 65).

**IT IS FURTHER ORDERED** that all objections to production and assertions of privilege shall be made no later than thirty days following the entry of this order.

Baton Rouge, Louisiana, this 1st day of February, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**